IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CALEB PHILLIPS,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA, and BRADLEY L. JOHNSON, Director of Lancaster Adult Detention Facility,<br><br>    Respondents. | 8:19CV544<br><br><br>MEMORANDUM<br>AND ORDER |

    This matter is before the court on Respondents' Motion for Summary Judgment. (Filing 12.) Respondents argue that Petitioner Caleb Phillips' ("Petitioner" or "Phillips") Petition for a Writ of Habeas Corpus (filing 1) must be dismissed. Phillips has not responded. After careful review, the Motion for Summary Judgment will be granted because Petitioner's habeas claim is procedurally defaulted and no excuse has been shown.

### I. UNDISPUTED MATERIAL FACTS

    The material undisputed facts are these:

    1.  On December 12, 2018, Phillips entered simultaneous guilty pleas in the County Court of Lancaster County, Nebraska, in Lancaster County Court Case Numbers CR18-16279 and CR18-16348 for violating a foreign protection order related to domestic or family abuse issued by the Ponca Tribal Court. (Filing 10-1; Filing 10-2 at CM/ECF pp. 9-12; Filing 10-4.)

    2.  Phillips stipulated that the foreign protection order he was charged with violating was valid. (Filing 10-2 at CM/ECF p. 11.)

3. The county court accepted his pleas of guilty and found him guilty of one count of violating a foreign protection order in each case. (Filing 10-2 at CM/ECF p. 11.)

4. On December 19, 2018, the county court sentenced Phillips to 365 days on each conviction, to be served consecutively. (Filing 10-1 at CM/ECF p. 10; Filing 10-2 at CM/ECF p. 21; Filing 10-4 at CM/ECF p. 8.)

5. Phillips filed an appeal in each case to the Lancaster County District Court. (Filing 10-1 at CM/ECF p. 11; Filing 10-3 at CM/ECF pp. 6-7; Filing 10-6 at CM/ECF pp. 6-7.) The state district court appointed new counsel to represent Phillips on appeal. (Filing 10-3 at CM/ECF p. 4; Filing 10-6 at CM/ECF p. 4.) On appeal, Phillips argued that the county court imposed an excessive sentence and that he was denied the effective assistance of counsel. (Filing 10-3 at CM/ECF pp. 6-7; Filing 10-6 at CM/ECF pp. 6-7.) Phillips' ineffective assistance of counsel claim included an allegation that "trial counsel failed to make herself knowledgeable in tribal law to a level with which she could contest the validity of the foreign protection order as demanded by the client and instead stipulated that it was a valid protection order." (Filing 10-3 at CM/ECF pp. 6-7; Filing 10-6 at CM/ECF pp. 6-7.)

6. On June 27, 2019, the state district court affirmed Phillip's convictions and sentences. (Filing 10-3 at CM/ECF pp. 9-15; Filing 10-6 at CM ECF pp. 9-15.)

7. Phillips did not appeal the decisions of the state district court to the Nebraska Court of Appeals or the Nebraska Supreme Court. (Filing 10-3 at CM/ECF p. 17; Filing 10-6 at CM/ECF p. 17.)

8. Phillips has not filed any motions for postconviction relief. (Filing 10-1; Filing 10-4.)[1]

---

[1] The court takes judicial notice of Phillips' state court records, which may be accessed online at the Nebraska Judicial Branch's JUSTICE website, https://www.nebraska.gov/justice/case.cgi. *See* Federal Rule of Evidence 201; *Stutzka*

9. Phillips filed his Petition for Writ of Habeas Corpus in this court on December 12, 2019. ([Filing 1](#).)

10. Phillips completed his sentences and was released from the Lancaster County Adult Detention Facility on June 16, 2020. ([Filing 11-1](#).)

11. Phillips is not on probation or parole for the convictions in Lancaster County Court Case Numbers CR18-16279 and CR18-16348. ([Filing 11-1](#).)

12. Phillips is not under the supervision of the Lancaster County Adult Detention Facility. ([Filing 11-1](#).)

## II. PHILLIPS' CLAIM

Summarized and condensed, and as set forth in the court's prior progression order ([filing 7](#)), Petitioner asserted the following claim that was potentially cognizable in this court: Petitioner's convictions for violation of protection order are void because the Ponca Tribal Court lacked both personal and subject matter jurisdiction to issue the protection order under 18 U.S.C. § 2265.

## III. ANALYSIS

The court starts with a brief recitation of the law regarding exhaustion and procedural default. The court then applies the law to the facts.

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
(A) the applicant has exhausted the remedies available in the courts of the State; or

---

*v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented

4


when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Phillips has not fairly presented his federal habeas claim to the Nebraska state courts. Indeed, Phillips did not present his federal habeas claim to the state district court in his direct appeals or in any postconviction proceeding or state habeas corpus petition. Although Phillips argued in his direct appeals to the state district court that trial counsel was ineffective in failing "to make herself knowledgeable in tribal law" so that "she could contest the validity of the foreign protection order" instead of "stipulat[ing] that it was a valid protection order" (filing 10-3 at CM/ECF pp. 6-7; filing 10-6 at CM/ECF pp. 6-7), that claim is distinct from Phillips' habeas claim—that his convictions for violation of protection order are void because the Ponca Tribal Court lacked both personal and subject matter jurisdiction to issue the protection order under 18 U.S.C. § 2265. Stated differently, Phillips' ineffective assistance of counsel claim is insufficient to fairly present the habeas claim because, among other things, the Nebraska state courts could resolve the ineffective assistance of counsel claim without reaching or resolving the merits of the habeas claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984)

(to successfully demonstrate ineffective assistance of counsel, a petitioner must show both that his attorney's conduct was unreasonable and that his attorney's deficient performance prejudiced the petitioner). Moreover, even assuming Phillips' federal habeas claim was fairly presented to the state district court in his direct appeals, Phillips did not appeal the state district court's decisions to the Nebraska appellate courts. Phillips has not alleged he was prevented from filing an appeal. Therefore, Phillips has failed to provide the Nebraska state courts an opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Phillips' habeas claim is now procedurally defaulted, not unexhausted, because resort to the state courts would be futile. *See Armstrong*, 418 F.3d at 926. To the extent Phillips' habeas claim is the type of claim that may be raised in a postconviction motion or a state habeas corpus petition, those avenues of relief are no longer available to him. "The Nebraska Postconviction Act affords relief to prisoners who are in custody, on parole, or on probation in Nebraska under a Nebraska sentence." *State v. York*, 770 N.W.2d 614, 618 (Neb. 2009). Similarly, the state "habeas corpus writ provides illegally detained prisoners with a mechanism for challenging the legality of a person's detention, imprisonment, or custodial deprivation of liberty." *Al-Ameen v. Frakes*, 876 N.W.2d 635, 638 (Neb. 2016). Phillips has completed his sentences in Lancaster County Court Case Numbers CR18-16279 and CR18-16348, and he is no longer in custody or under the supervision of the Lancaster County Adult Detention Facility. Nor is Phillips on parole or on probation under the sentences in Lancaster County Court Case Numbers CR18-16279 and CR18-16348. Therefore, Phillips cannot challenge the convictions in Lancaster County Court Case Numbers CR18-16279 and CR18-16348 in a postconviction action or state habeas corpus petition. In addition, Phillips' habeas claim would also be barred by Nebraska's statute of limitations on postconviction motions. *See* Neb. Rev. Stat. § 29-3001(4).

Phillips has not argued, much less shown, cause and prejudice to excuse the procedural default of his claim. In addition, he has not argued the court's failure to consider his claims will result in a fundamental miscarriage of justice. The court finds Phillips is not entitled to relief on the claims he raised in his habeas corpus petition.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has applied the appropriate standard and determined that Phillips is not entitled to a certificate of appealability.

IT IS THERFORE ORDERED that:

1. Respondents' Motion for Summary Judgment (filing 12) is granted.

2. The Petition for Writ of Habeas Corpus (filing 1) is denied and dismissed with prejudice.

3. No certificate of appealability has been or will be issued.

4. Judgment will be issued by separate document.

Dated this 3rd day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge